## ARÁN v. HERNÁNDEZ.

### APPEAL from the District Court of Mayagüez.

No. 692.—Decided June 6, 1911.

ESTIMATE OF EVIDENCE—STATEMENT OF CASE—TRANSCRIPT OF RECORD.—In order that the Supreme Court may decide whether or not the trial court committed error in estimating the evidence taken, it is necessary that said evidence be fully set forth in a statement of the case or in a statement of facts prepared in conformity with the law, and later transcribed and forwarded in due manner to the Supreme Court.

MEMORANDUM OF COSTS—SERVICE OF NOTICE.—The party against whom costs were taxed having appeared in due time to object to the memorandum filed, and the district court having considered such objection before rendering a final decision, the plea in the Supreme Court, that notice of the memorandum was not served on said party, lacks all merit.

ID.—FILING THEREOF—COMPUTATION OF PERIOD.—The period provided by law for filing the memorandum of costs should be computed in accordance with the general established rule, excluding the first and including the last day, except where the latter is a holiday, in which event it should also be excluded.

ID.—ORDER OF APPROVAL—REVERSAL.—In order for the Supreme Court to reverse an order made by a district court approving a memorandum of costs, it should be clearly shown that said court had violated some law or committed a manifest injustice.

The facts are stated in the opinion.

*Mr José Benet* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In the case at bar two appeals were taken—one from the judgment rendered in the case by the district court, and another from an order made by said court in connection with the approval of the memorandum of costs.

Emilio Arán Cuascú filed a complaint in the District Court of Mayagüez against Agustín Hernández Mena *et al.*, seeking the dissolution of an attachment levied on certain property

of his for the purpose of executing a certain judgment that the defendant, Hernández Mena, had obtained against Inocencia Cuascú.

The complaint having been answered and the trial held, the district court rendered judgment in favor of the plaintiff with costs against the defendant, Hernández Mena, who alone carried on the litigation.

The transcript contains a statement of the case, in which the following is set forth:

"The plaintiff introduced as evidence a copy of the deed of sale No. 411, executed on August 17, 1904, and a copy of the deed of sale No. 256, executed on May 18, 1905, authenticated by Notary Mariano R. Palmer."

The said instruments have not been transcribed either in full or in part, and neither are they mentioned in a way that would permit this Supreme Court to ascertain their purpose and what was intended to prove thereby; and this being the case, we have no ground upon which to find whether or not the judgment appealed from is supported by the evidence, and whether or not the evidence has been rightly estimated.

We have also examined the allegations and the judgment and considered all the circumstances of the case, and being unable to infer that the district court committed any fundamental error the appeal cannot be sustained and the judgment appealed from should be affirmed.

Let us now review the other appeal. Said judgment was rendered on December 29, 1910, and was recorded or registered on the same day. On January 9, 1911, the plaintiff filed his memorandum of costs. On January 18, 1911, the defendant entered his objection thereto, and on the 21st of the same month the trial was held, both parties having appeared, and the court approved the memorandum.

The items of the memorandum, amounting in all to $123.70, including the fees of the attorney, were all objected to by the

defendant as excessive and on the ground that disbursement thereof had not been made. The district court that tried the case, and which had before it the complete record, decided in approving the memorandum in its entirety that the items of the same were just and that the disbursements had been made; and inasmuch as it has not been shown to us by the defendant that in so deciding the district court committed an error of law or a manifest injustice, we should neither reverse nor change its findings.

The defendant further alleged in support of his objection to the memorandum of costs, that he was not served with a notice thereof, and that it was not filed within the legal period provided therefor.

The first ground is wholly unfounded inasmuch as the defendant appeared at the trial and had an opportunity to enter his objection, and the matter was adjudicated only after he had been heard in accordance with the law. The aim of the law in serving notice was fully accomplished in this case.

As to the second ground, it is also without force, because as the 10 days allowed by law for the presentation of the memorandum expired on Sunday, January 8, the time was extended to the following day, on which date the memorandum was filed.

For the reasons stated neither of the appeals can be sustained, and the judgment and order appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.